UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _____ W _____ D.C.

08 APR 16 AM 11: 33

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

HERBERT L. GOPMAN CONSULTING
ENGINEERS, INC., n/k/a GOPMAN
CONSULTING ENGINEERS, INC.,

    Plaintiff,

v.

EUGENE R. CROSBY, an individual;
JOSE A. GUTIERREZ, an individual; and
STRUCTURAL DESIGN PARTNERSHIP, LLC,
a Florida limited liability company,

    Defendants.

_____/

CASE NO.:

**08-21032
CIV-LENARD**
MAGISTRATE JUDGE
GARBER

## COMPLAINT

Plaintiff, HERBERT L. GOPMAN CONSULTING ENGINEERS, INC. n/k/a GOPMAN CONSULTING ENGINEERS, INC. ("GOPMAN") sues Defendants, EUGENE R. CROSBY ("CROSBY"), JOSE A. GUTIERREZ ("GUTIERREZ"), and STRUCTURAL DESIGN PARTNERSHIP, LLC ("STRUCTURAL"), and alleges:

### INTRODUCTION

1. This is an action for damages in excess of $75,000, exclusive of interests, costs, and attorney's fees.

2. This civil action arises from the willful and intentional accessing of a protected computer owned by GOPMAN, without authorization, or exceeding the authorization to access, with the intent to defraud GOPMAN, in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030 et seq.

## PARTIES

3. HERBERT L. GOPMAN CONSULTING ENGINEERS, INC. n/k/a GOPMAN CONSULTING ENGINEERS, INC. ("GOPMAN") is a Florida corporation engaged in the business of consulting engineering and at all times relevant hereto maintained its principal office at 192 NE 168th Street, North Miami Beach, Florida 33162.

4. STRUCTURAL DESIGN PARTNERSHIP, LLC, a Florida limited liability company is a Florida limited liability company organized and existing under the law, with its principal place of business located at 7380 NW 51st Terrace, Coconut Creek, Florida 33073.

5. Defendant EUGENE R. CROSBY is an individual who resides in Broward County, Florida.

6. Defendant JOSE A. GUTIERREZ is an individual who resides in Broward County, Florida.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over the claims for relief set forth in this Complaint pursuant to 28 U.S.C. §1331 and pendent jurisdiction over the state law claims.

8. Venue is appropriate in Miami-Dade County, Florida, pursuant to 28 U.S.C. §1391 since a substantial part of the events giving rise to the claims set forth herein occurred in this District.

## GENERAL ALLEGATIONS

9. On or before May 10, 2007, several long-term employees of GOPMAN, entered into an agreement to establish a competing structural engineering firm which later became known as STRUCTURAL DESIGN PARTNERSHIP, LLC.

10. Those long-term employees of Gopman included Defendants, CROSBY and GUTIERREZ, and as well as long term employee Tatiana Dymerets and former long term employee, Mohammed W. Fahmy, P.E.

11. On May 7, 2007, employee CROSBY tendered his resignation from GOPMAN, effective May 18, 2007. After May 18, 2008, CROSBY remained on the GOPMAN business premises, on the pretext of completing ongoing GOPMAN projects, but rather with the intent to aid GUTIERREZ in the pirating GOPMAN's software, files, and data to be used by CROSBY, GUTIERREZ, and others at STRUCTURAL.

12. On May 25, 2007, employee GUTIERREZ, without authority, made massive downloads of software, files and other data from a computer owned and controlled by GOPMAN. CROSBY was present while these downloads were occurring.

13. Specifically, GUTIERREZ performed an unauthorized archival backup of software, files, and other data onto another computer whose identification or serial number was not a number on any of the computers at the GOPMAN site. Several archival backups occurred on that date to an unidentified computer.

14. GUTIERREZ gave access to this unauthorized downloaded information to the newly formed corporation of STRUCTURAL DESIGN PARTNERSHIP, LLC, through means and methods to be determined.

15. Thereafter, STRUCTURAL utilized the software files and data for its own uses including, but not limited to, contacting all of the customers of GOPMAN and advising them of the creation of STRUCTURAL and the employment by STRUCTURAL of the other employees of GOPMAN.

16. GUTIERREZ transferred said unauthorized downloaded information to the newly formed corporation of STRUCTURAL DESIGN PARTNERSHIP, LLC, through means and methods to be determined.

17. Without authorization, or exceeding his authorized access, GUTIERREZ transferred confidential client files and drawings from GOPMAN'S computers to computers owned or controlled by STRUCTURAL or employees CROSBY and GUTIERREZ.

18. As a result, one or more of the long-term clients of GOPMAN were contacted and changed engineering firms during the course of the project to STRUCTURAL.

## COUNT I
## COMPUTER FRAUD AND ABUSE ACT

19. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations set forth in Paragraphs 1 through 18 above.

20. The Computer Fraud and Abuse Act, 18 U.S.C § 1030 et seq., permits any person who suffers damage or loss by reason of the activity prohibited by this federal statute to bring a civil action for damages and injunctive relief.

21. During May 2007, and other dates to be determined, CROSBY, GUTIERREZ, and others to be identified, knowingly and with intent to defraud, accessed protected computers and data, to-wit: the computer network, computers and data owned by GOPMAN, without authorization or in excess of their authorization, and by means of such conduct furthered the intended fraud and obtained things of value, to wit, valuable confidential, proprietary and trade secret protected computer data belonging to GOPMAN, in violation of Title 18 U.S.C. § 1030(a)(4).

22. By virtue of Company policies, CROSBY and GUTIERREZ were not permitted or authorized to access GOPMAN computers for the purpose of removing from GOPMAN

computers confidential and proprietary information, and using that data to directly compete against GOPMAN.

23. CROSBY and GUTIERREZ were never granted authorization from GOPMAN management to enter into GOPMAN's computers to remove, copy, or transfer GOPMAN's confidential and proprietary computer data from GOPMAN's premises for other than a work-related purpose.

24. GOPMAN never gave CROSBY or GUTIERREZ permission or authorization to take proprietary information from GOPMAN's computers and provide it to STRUCTURAL for use in competition with GOPMAN.

25. CROSBY and GUTIERREZ exceeded their authorized access to GOPMAN's computers by obtaining information they were not entitled to obtain.

26. The Defendants' violations of 18 U.S.C. § 1030(a)(a)(4) alleged above involved and caused the loss of at least $10,000 in value in the aggregate, comprising the cost of GOPMAN responding to the Defendants' offenses and conducting a damage assessment.

27. By reason of the acts alleged herein, GOPMAN has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff GOPMAN requests that this Court enter judgment in its favor and against STRUCTURAL DESIGN, CROSBY, and GUTIERREZ and to:

(a) award GOPMAN compensatory damages;

(b) award injunctive relief;

(c) award prejudgment interest; and

(d) grant such other and further relief as this Court deems just and proper.

## COUNT II
## CIVIL CONSPIRACY

28. GOPMAN realleges and incorporates herein by reference to the allegations in numbered paragraphs 1 through 18 as if set forth fully herein.

29. As set forth above, CROSBY and GUTIERREZ, as employees, owed fiduciary duties to GOPMAN, including, but not limited to, the duties of loyalty, good faith and maintaining the confidentiality of proprietary and trade secret information.

30. As set forth above, CROSBY and GUTIERREZ agreed and conspired to, among other things, misappropriate GOPMAN's confidential, proprietary and trade secret information; to violate the Computer Fraud and Abuse Act by misappropriating GOPMAN's valuable computer data; to pirate employees of GOPMAN; to breach fiduciary duties owed by CROSBY and GUTIERREZ to GOPMAN and to provide STRUCTURAL with GOPMAN's confidential and proprietary and trade secret protected information, and to use that information to compete against GOPMAN.

31. In furtherance of the conspiracy set forth above, the Defendants committed numerous overt acts alleged above in paragraphs 9 through 18.

32. Defendants' wrongful conduct was done with knowledge of GOPMAN's interests and with intent to deprive GOPMAN of those interests.

33. As a result of the acts undertaken by Defendants as part of the conspiracy, GOPMAN has suffered a loss of competitive advantage and actual damages and is further entitled to recover such actual damages as may be provable upon the trial of this action.

34. As a result of the acts undertaken by Defendants as part of the conspiracy, GOPMAN has suffered irreparable harm for which monetary damages are inadequate and can only be remedied through injunctive relief.

35. Defendants' actions undertaken pursuant to the conspiracy demonstrate willful misconduct, malice, wantonness, or an entire want of care, which raises the presumption of conscious indifference to consequences, and such actions were done with the specific intent to cause harm, entitling GOPMAN to an award of punitive damages, in order to penalize, punish, and deter CROSBY and GUTIERREZ from continuing or repeating their unlawful conduct.

WHEREFORE, GOPMAN requests that the Court enter judgment in its favor and against Defendants and to:

    (a)    award GOPMAN damages;

    (b)    award injunctive relief;

    (c)    award punitive damages;

    (d)    award prejudgment interest; and

    (e)    grant such other and further relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF FLORIDA UNIFORM TRADE SECRETS ACT

36. GOPMAN realleges and incorporates herein by reference the allegations in numbered paragraphs 3 through 18 as if set forth fully herein.

37. This is an action against all Defendants for violations of the Florida Uniform Trade Secrets Act and for damages in excess of $15,000.00.

38. As employees of GOPMAN in whom GOPMAN reposed much confidence and reliance, CROSBY and GUTIERREZ had access to GOPMAN's trade secrets, as described above in paragraphs 9 through 18.

39. Pursuant to Chapter 688, Florida Statutes, Defendants owed GOPMAN a duty to protect those trade secrets to which CROSBY and GUTIERREZ had access in the course of their employment with GOPMAN.

40. GOPMAN's information, comprise and reveal trade secrets including client lists, calculations, drawings, plans, and other data as defined in Section 688.002(4) of the Florida Statutes.

41. GOPMAN derives independent economic value from these trade secrets not being generally known and not being readily ascertainable by proper means by other persons who can obtain economic value from their unauthorized disclosure or use and are the subject of efforts that are reasonable under the circumstances to maintain their secrecy

42. CROSBY and GUTIERREZ have disclosed or used for their own benefit and/or the benefit of STRUCTURAL, the trade secrets of GOPMAN, knowing that such information is trade secret information belonging to GOPMAN, when they had a duty and knew they had a duty to maintain the secrecy of GOPMAN's trade secrets.

43. As Managing Members of STRUCTURAL, CROSBY and GUTIERREZ will disclose and has disclosed and/or used trade secrets belonging to GOPMAN, causing in irreparable harm to GOPMAN.

44. Because of CROSBY and GUTIERREZ involvement with GOPMAN's proposal to GOPMAN's client, and CROSBY and GUTIERREZ's particular knowledge about particular GOPMAN project and program proposals, it is inevitable that they will disclose and/or use trade secrets belonging to GOPMAN, causing irreparable harm to GOPMAN.

45. GOPMAN has not given CROSBY, GUTIERREZ, or STRUCTURAL implied or express consent to use or disclose the trade secrets owned by GOPMAN.

46. CROSBY, GUTIERREZ and STRUCTURAL each knows, or has reason to know that he, she or it acquired knowledge of these trade secrets under circumstances giving rise to a

duty to maintain their secrecy or limit their use. CROSBY and GUTIERREZ facilitated and encouraged the misappropriation and use of GOPMAN's trade secrets for their own benefit.

47. There is a continued substantial threat or impending disclosure of trade secrets belonging to GOPMAN by CROSBY, GUTIERREZ, and STRUCTURAL for their own benefit and for the benefit of CROSBY and GUTIERREZ.

48. Defendants' actions in violating and continuing to violate Chapter 688 Florida Statutes, by using and/or disclosing GOPMAN's trade secrets without GOPMAN's express or implied consent, have been willful and malicious.

49. As a result of this use of and/or threat to use GOPMAN's trade secrets for Defendants' own benefit and the benefit of STRUCTURAL, GOPMAN's ability to conduct business has been and will be adversely affected, and GOPMAN has suffered and will suffer monetary loss and damage and lose its competitive advantage in the marketplace, resulting in irreparable harm to GOPMAN.

50. GOPMAN has suffered actual damages due to the misappropriation of its trade secrets and is entitled to recover such actual damages as may be provable upon the trial of this case.

51. GOPMAN's business will be substantially impaired and irreparably harmed if CROSBY, GUTIERREZ, and STRUCTURAL continue to use or disclose GOPMAN's trade secrets. For these reasons, unless Defendants are enjoined from converting GOPMAN's trade secrets to their own use and from utilizing GOPMAN's trade secrets, GOPMAN will be irreparably harmed by:

    (a) disclosure of GOPMAN's trade secrets, which are solely the property of GOPMAN; and

(b) present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

52. GOPMAN has no adequate remedy at law because, among other reasons, the use of GOPMAN's trade secrets will result in lost profits and monetary damages that will be difficult, if not impossible, to measure.

53. GOPMAN requests that this Court enter a permanent injunction directing CROSBY, GUTIERREZ, and STRUCTURAL to return to GOPMAN all of its trade secret protected information and prohibiting CROSBY, GUTIERREZ, and STRUCTURAL from continuing to use and/or disseminate any and all of GOPMAN's trade secrets.

54. GOPMAN has been required to retain the law firm of KENT HARRISON ROBBINS to represent it in this matter and has obligated itself to pay said firm a reasonable fee for their services and is entitled to attorney fees under Florida Statutes § 688.005.

WHEREFORE, Plaintiff GOPMAN requests that this Court enter judgment in its favor and against Defendants CROSBY, GUTIERREZ, and STRUCTURAL, and to:

(a). award GOPMAN damages;

(b) award injunctive relief;

(c) award exemplary damages;

(d) award GOPMAN its reasonable attorney's fees;

(e) award prejudgment interest; and

(f) grant such other and further relief as this Court deems just and proper.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

55. GOPMAN realleges and incorporates herein by reference the allegations in numbered paragraphs 3 through 18 as if set forth fully herein.

56. This is an action against STRUCTURAL, CROSBY, and GUTIERREZ for intentionally and/or tortiously interfering with GOPMAN's long-term business relationship with Gordon Deckelbaum, his son, Bradley Deckelbaum, and their affiliates, hereinafter referred to as "the Deckelbaum Business Relationship."

57. CROSBY and GUTIERREZ were employed by GOPMAN and knew of the "the Deckelbaum Business Relationship."

58. CROSBY and GUTIERREZ as Managing Members of STRUCTURAL intentionally and unjustifiably interfered with "the Deckelbaum Business Relationship."

59. CROSBY and GUTIERREZ as Managing Members of STRUCTURAL unlawfully, dishonestly, and intentionally solicited business from the Deckelbaums.

60. In furtherance of their intentional interference, STRUCTURAL through CROSBY and GUTIERREZ unlawfully, dishonestly, and intentionally secured the proprietary information from GOPMAN concerning "the Deckelbaum Business Relationship."

61. As a direct and proximate result of Defendants' wrongful actions described herein, GOPMAN has sustained actual damages and will continue to accrue and sustain such damage in the future on an ongoing and continuing basis.

62. The unlawful, dishonest, and intentional taking of the proprietary information from GOPMAN in furtherance of this tortuous interference entitles GOPMAN to punitive damages.

WHEREFORE, Plaintiff GOPMAN demands judgment against each of the Defendants, jointly and severally, and in its favor for:

(a) compensatory and other damages contemplated by and available through Florida law for damages actually sustained;

(b) injunctive relief;

(c) punitive damages; and

(d) such other and further relief as this Court deems just and proper.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP

63. GOPMAN realleges and incorporates herein by reference the allegations in numbered paragraphs 3 through 18 as if set forth fully herein.

64. This is an action against STRUCTURAL, CROSBY, and GUTIERREZ for intentionally and/or tortiously interfering with GOPMAN's contractual relationship with Gordon Deckelbaum, his son, Bradley Deckelbaum, and their affiliates, including, but not limited to, Premier Flagler Ltd., a Florida Limited Partnership, and Premier Palm Beach LLC, a Florida Limited Liability Company for a development located at 2501 N. Flagler Dr., West Palm Beach, Florida, hereinafter referred to as the Deckelbaum Development contract.

65. CROSBY and GUTIERREZ were employed by GOPMAN and actively participated in provided services on behalf of GOPMAN for the Deckelbaum Development and were aware of the contractual relationship.

66. CROSBY and GUTIERREZ as Managing Members of STRUCTURAL intentionally and unjustifiably interfered with Deckelbaum Development contract. The hard copy of the contract is missing from GOPMAN's records but its contents will be reconstructed during the course of the litigation or obtained from third parties.

67. CROSBY and GUTIERREZ as Managing Members of STRUCTURAL unlawfully, dishonestly, and intentionally interfered with the Deckelbaum Development Contract.

68. In furtherance of their intentional interference, STRUCTURAL through CROSBY and GUTIERREZ unlawfully, dishonestly, and intentionally secured the proprietary information from GOPMAN concerning Deckelbaum Development Contract.

69. As a direct and proximate result of Defendants' wrongful actions described herein, GOPMAN has sustained actual damages for lost profits from the contractual relationship.

70. The unlawful, dishonest, and intentional taking of the proprietary information from GOPMAN in furtherance of this tortuous interference entitles GOPMAN to punitive damages.

WHEREFORE, Plaintiff GOPMAN demands judgment against each of the Defendants, jointly and severally, and in its favor for:

(a) compensatory damages actually sustained;

(b) punitive damages; and

(c) such other and further relief as this Court deems just and proper.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

71. GOPMAN realleges and incorporates herein by reference the allegations in numbered paragraphs 3 through 18 as if set forth fully herein.

72. CROSBY and GUTIERREZ, as employees, owed fiduciary duties to GOPMAN, including, but not limited to, the duties of loyalty, good faith and maintaining the confidentiality of proprietary and trade secret information.

73. CROSBY and GUTIERREZ, among other things, misappropriated GOPMAN's confidential, proprietary and trade secret information; misappropriating GOPMAN's valuable computer data; pirated employees of GOPMAN; and to provide STRUCTURAL with GOPMAN's confidential and proprietary and trade secret protected information, and used that information to compete against GOPMAN.

74. The wrongful conduct of CROSBY and GUTIERREZ was done with knowledge of GOPMAN's interests and with intent to deprive GOPMAN of those interests.

75. As a result of the acts undertaken by Defendants, GOPMAN has suffered actual damages.

76. Actions of CROSBY and GUTIERREZ constituted willful misconduct, malice, wantonness, or an entire want of care, which raises the presumption of conscious indifference to consequences, and such actions were done with the specific intent to cause harm, entitling GOPMAN to an award of punitive damages, in order to penalize, punish, and deter CROSBY and GUTIERREZ from continuing or repeating their unlawful conduct.

WHEREFORE, GOPMAN requests that the Court enter judgment in its favor and against Defendants and to:

(a) award GOPMAN damages;

(b) award injunctive relief;

(c) award punitive damages;

(d) award prejudgment interest; and

(e) grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GOPMAN demands trial by jury of all issues triable as of right by jury.

*[signature]*

KENT HARRISON ROBBINS
Attorney for Plaintiff
1224 Washington Avenue
Miami Beach, Florida 33139
Telephone: (305) 532-0500
Facsimile: (305) 531-0150
Email: khrobbins@kentharrisonrobbins.com
Florida Bar No. 275484

Date: 4/14/08

☙JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**08-21032**

**I. (a) PLAINTIFFS**

HERBERT L. GOPMAN CONSULTING ENGINEERS, INC., n/k/a GOPMAN CONSULTING ENGINEERS, INC.

**DEFENDANTS**

EUGENE R. CROSBY; JOSE A. GUTIERREZ; and STRUCTURAL DESIGN PARTNERSHIP, LLC

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**CIV-LENARD**

**MAGISTRATE JUDGE GARBER**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kent Harrison Robbins, Esq.
1224 Washington Avenue
Miami Beach, FL 33139
Tel: (305) 532-0500

Attorneys (If Known)

**(d)** Check County Where Action Arose: ✓ ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only) | | | | | |
|---|---|---|---|---|---|---|---|
| | | | PTF | DEF | | PTF | DEF |
| ☐ 1 U.S. Government Plaintiff | ✓ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

DADE-08-21032-CV-LENARD-GARBER

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO       b) Related Cases ☐ YES ✓ NO

JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**

Accessing a protected computer without authorization or exceeding authorization in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. Sec. 1030 et seq.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE   SIGNATURE OF ATTORNEY OF RECORD   DATE 4/15/08

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 978679
04/16/08