UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21032-CIV-LENARD/GARBER

HERBERT L. GOPMAN CONSULTING
ENGINEERS, INC., n/k/a GOPMAN
CONSULTING ENGINEERS, INC.,

    Plaintiff,

v.

EUGENE R. CROSBY, an individual;
JOSE A. GUTIERREZ, an individual; and
STRUCTURAL DESIGN PARTNERSHIP, LLC,
a Florida limited liability company,

    Defendants.
_____/

## STIPULATION, SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS STIPULATION, SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made as of the 15th day of September, 2008, by and between HERBERT L. GOPMAN CONSULTING ENGINEERS, INC., n/k/a GOPMAN CONSULTING ENGINEERS, INC. ("Gopman Consulting"), and EUGENE R. CROSBY ("Crosby"), JOSE A. GUTIERREZ ("Gutierrez"), and STRUCTURAL DESIGN PARTNERSHIP, LLC, a Florida limited liability company ("Structural Design"). Gopman Consulting, Crosby, Gutierrez and Structural Design shall be referred to individually as "Party" and collectively as "Parties."

WHEREAS, the Parties have certain disputes, controversies, and disagreements;

WHEREAS, litigation has been commenced by Gopman Consulting in the United States District Court for the Southern District of Florida, under Case No. 08-21032-CIV-LENARD/GARBER, entitled *"Herbert L. Gopman Consulting Engineers, Inc., n/k/a Gopman*

*Consulting Engineers, Inc. v. Eugene R. Crosby, Jose A. Gutierrez and Structural Design Partnership, LLC*" (the "Federal Litigation");

WHEREAS, the Defendants affirmatively represent that all Gopman Consulting records were downloaded to a single external hard drive which hard drive is being delivered to the attorney for Gopman Consulting at the time of the execution of the Agreement and said records were not transferred to any other medium and not printed

WHEREAS, the Parties wish to settle their differences; and

WHEREAS, the Parties agree that the result of litigation is uncertain and unpredictable;

NOW, THEREFORE, in consideration of the mutual covenants, concessions, agreements and consideration contained in this Agreement, the receipt and adequacy of which are acknowledged by the Parties, the Parties, intending to be legally bound, and without any admission of any liability whatsoever, enter into this Agreement on the terms set forth below.

## TERMS OF SETTLEMENT

1. **Recitals.** The above recitals are true and correct.

2. **Settlement Payment.** Crosby, Gutierrez and Structural Design shall pay Gopman Consulting the sum of twenty five thousand dollars ($25,000.00), to be paid as follows: (a) fifteen thousand dollars ($15,000.00) within 60 days of the entry of the Final Order of Dismissal contemplated by this Agreement; and (b) the balance of ten thousand dollars ($10,000.00) within eight (8) months of the entry of the Final Order of Dismissal contemplated by this Agreement (the "Order of Dismissal"), which proposed form is attached hereto as Exhibit "A." This Settlement Payment is an obligation of Crosby, Gutierrez and Structural Design, jointly and severally.

3. **Non-Solicitation of Clients of Gopman Consulting.** For the period ending two years from the date of this Agreement, Crosby, Gutierrez and Structural Design, jointly and

severally, agree to not solicit business from any of the persons or entities who are or have been the clients of Gopman Consulting as per the "Clients List" which is currently in the possession of the Parties' attorneys and has been acknowledged by the Parties as the list with which the Crosby, Gutierrez and Structural Design shall comply. Should Gopman Consulting establish a breach of this provision to not solicit clients, Gopman Consulting shall be entitled to recover its actual damages as established by the preponderance of the evidence. This paragraph shall not preclude Crosby, Gutierrez and Structural Design, jointly and severally, from giving responsive bids and proposals to unsolicited requests for bids and proposals from persons on the Clients List.

4. **Gopman Consulting Drawings and Records.** To induce Gopman Consulting to enter into this Agreement, the Defendants Crosby, Gutierrez and Structural Design represent that all drawings and records obtained from the offices and computers of Gopman Consulting were downloaded to a hard drive which hard drive shall be delivered to Gopman Consulting at the time of the execution of this Agreement. By separate affidavit, Crosby, Gutierrez and Structural Design represent that said hard drive is the only medium to which computer records of Gopman consulting were downloaded and that said records have been neither opened nor printed nor transferred. Defendants Crosby, Gutierrez and Structural Design represent that no other drawings and records were taken from Gopman Consulting. Crosby, Gutierrez and Structural Design represent and warrantee that there are no other copies, either electronic or paper, of these drawings and records. Crosby and Gutierrez acknowledge that they did make a copy of each of their personal address books and contact lists that they used in the regular course of business while employed at Gopman Consulting.

5. **Denial of Liability or Wrongdoing.** By entering into this Agreement, Crosby, Gutierrez and Structural Design are not admitting any liability or wrongdoing.

6. **Release by Gopman Consulting.** Effective upon the entry of the Final Order of Dismissal, Gopman Consulting for good, valuable and sufficient consideration, receipt of which is hereby acknowledged, does hereby forever release and discharge Crosby, Gutierrez and Structural Design from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by Gopman Consulting in law, in admiralty or in equity, or as a result of any arbitration, whether known or unknown to Gopman Consulting, which Gopman Consulting ever had or now has, whether in his own right or by assignment, transfer or grant from any other person, thing, or entity, from the beginning of time through and including the date of execution of this Agreement. The scope of this release is intended to be as broad and general as permitted under Florida law but specifically excepts the obligations under this Agreement and of the Final Order of Dismissal.

7. **Release by Crosby.** Effective upon the entry of the Final Order of Dismissal, Crosby does hereby forever release and discharge Gopman Consulting, or any of its agents or representatives, so long as they do not challenge the terms of this Agreement, from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by Crosby in

law, in admiralty or in equity, or as a result of any arbitration, whether known or unknown to Crosby, which Crosby ever had or now has, whether in his own right or by assignment, representative capacity, transfer or grant from any other person, thing, or entity, from the beginning of time including all presently existing future claims. The scope of this release is intended to be as broad and general as permitted under Florida law.

8. **Release by Gutierrez.** Effective upon the entry of the Final Order of Dismissal, Gutierrez, in any capacity, does hereby forever release and discharge Gopman Consulting, or any of its agents or representatives, so long as they do not challenge the terms of this Agreement, from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by Gutierrez in law, in admiralty or in equity, or as a result of any arbitration, whether known or unknown to Gutierrez, which Gutierrez, in any capacity, ever had or now has, whether in his own right or by assignment, representative capacity, transfer or grant from any other person, thing, or entity, from the beginning of time and including all presently existing future claims. The scope of this release is intended to be as broad and general as permitted under Florida law.

9. **Release by Structural Design.** Effective upon the entry of the Final Order of Dismissal, Structural Design does hereby forever release and discharge Gopman Consulting or any of its agents or representatives, from any and all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and

demands whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known and unknown claims, that have been or could have been asserted in any forum by Structural Design in law, in admiralty or in equity, or as a result of any arbitration, whether known or unknown to Structural Design, which Structural Design ever had or now have, whether in his own right or by assignment, representative capacity, transfer or grant from any other person, thing, or entity, from the beginning of time and including all presently existing future claims. The scope of this release is intended to be as broad and general as permitted under Florida law.

10. **Corporate Parties.** This Agreement is binding on each of the corporate parties, their agents, officers, managers, directors, representatives, attorneys, employees, and subcontractors.

11. **Representations, Warranties and Covenants.**

    a. **Authority to Enter Into Agreement.** Each Party to this Agreement represents and warrants that he/it has the power and authority to enter into this Agreement, subject to the entry of the Final Order of Dismissal, and bind the entity or person on whose behalf it is signing and to carry out its obligations hereunder. In particular, Crosby represents and warrants that he is authorized to execute this Agreement on behalf of Structural Design and Gopman represents and warrants that he is authorized to execute this Agreement on behalf of Gopman Consulting.

    b. **Consultation and Review.** Each Party to this Agreement represents and warrants that prior to executing this Agreement it has made such inquiries as it, being a sophisticated and well-informed Party, deemed reasonably necessary, and has consulted such

professionals and reviewed such documents as it deemed reasonably necessary and appropriate to enter into this Agreement and to consummate the transactions contemplated herein.

    c.    **Support of Agreement.** Each Party to this Agreement covenants and agrees that it shall use its reasonable best efforts to obtain the entry of the Final Order of Dismissal.

12.    **Approval of Settlement by U.S. District Court for the Southern District of Florida.** This Agreement is contingent upon the federal trial court in the Federal Litigation entering the Final Order of Dismissal, including a further order that the Parties shall abide by the terms hereof and meet all obligations of this Agreement and shall become effective immediately upon the entry of such Final Order of Dismissal, without the necessity of further notice. The parties waive any right to appeal the Final Order of Dismissal.

13.    **Jurisdiction.** The Parties consent to the exclusive and continuing jurisdiction of the United States District Court for the Southern District of Florida to hear, consider and resolve any litigation or dispute that arises from or relating to this Agreement or any alleged breach hereof.

14.    **Governing Law.** The interpretation, construction, and performance of this Agreement, and the rights and remedies of the Parties hereunder, shall be governed by the laws of the State of Florida.

15.    **Fees and Expenses.** Each Party shall be responsible for the payment of its own legal fees and costs, and all of its expenses in connection with the matters referred to in this Agreement, except that the prevailing Party shall be entitled to recover costs and a reasonable attorney's fee if it is required to use counsel to enforce the terms of this Agreement.

16.    **Presumption.** This Agreement has been drafted by the Parties and shall not be construed against any one Party or Parties in favor of any other Party or Parties by reason of any presumption concerning the Party drafting this Agreement.

17. **Cooperation.** The Parties agree to cooperate fully and to execute any and all necessary supplementary documents, and to take all additional steps or actions that may be necessary or appropriate in order to give full force and effect to the terms and intent of this Agreement.

18. **Waiver.** The waiver by any Party hereto of any other Party's prompt and complete performance, or breach or violation, of any provision of this Agreement shall not operate nor be construed as a waiver of any subsequent breach or violation. The waiver by any Party hereto of the right to exercise any right or remedy that it may possess hereunder shall not operate nor be construed as a bar to the exercise of any right or remedy by such Party upon the occurrence of any subsequent breach or violation. Any waiver must be in writing.

19. **Severability.** If any provision of this Agreement is determined to be invalid, illegal or unenforceable, the remaining provisions of this Agreement remain in full force, if the essential terms and conditions of this Agreement for each party remain valid, binding, and enforceable.

20. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties regarding the subject matter covered herein, and supersedes any and all prior oral or written communications between the Parties regarding the subject matter covered herein, and may not be modified and amended except in writing signed by the Parties in a document explicitly identifying itself as an amendment to this Agreement.

21. **Counterparts.** The parties may execute this Agreement in multiple counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement. The signatures of all of the parties need not appear on the same counterpart, and delivery of an executed counterpart signature page by facsimile is as effective as executing and delivering this Agreement in the presence of the other parties to this Agreement. This Agreement is effective upon

delivery of one executed counterpart from each party to the other parties. In proving this Agreement, a party must produce or account only for the executed counterpart of the party to be charged.

22.     **Successors and Assigns**.  The Agreement shall be binding on each respective party's successors and assigns.

23.     **Number and Gender.**  Any reference in this Agreement to the singular includes the plural where appropriate, and any reference in this Agreement to the masculine gender includes the feminine and neuter genders where appropriate.

24.     **Captions.**  The descriptive headings of the Paragraph and subsections of this Agreement are for convenience only, do not constitute a part of this Agreement, and do not affect this Agreement's construction or interpretation.

**IN WITNESS WHEREOF** the Parties hereto attached their hands and seals.

[PARTIES' SIGNATURE PAGES FOLLOW]

Witness Name: Roselyn Sarinon

Witness Name: Michelle Dominguez

HERBERT L. GOPMAN CONSULTING ENGINEERS, INC. n/k/a GOPMAN CONSULTING ENGINEERS, INC.

By: _____
Herbert L. Gopman, Authorized Agent

STATE OF FLORIDA        )
                        ) SS.
COUNTY OF MIAMI-DADE)

I HEREBY CERTIFY that on this 15th day of ~~August~~ September, 2008, before me, an officer duly authorized in the state aforesaid and in the county aforesaid to take acknowledgements, personally appeared HERBERT L. GOPMAN, as authorized agent of HERBERT L. GOPMAN CONSULTING ENGINEERS, INC. n/k/a GOPMAN CONSULTING ENGINEERS, INC.., to be the person described in and who executed the foregoing instrument and he acknowledged before me that he executed the same. He is <u>personally known</u> to me or has produced _____ as identification and did/did not take an oath.

{SEAL}


MICHELLE CARINA DOMINGUEZ
MY COMMISSION # DD793271
EXPIRES May 29, 2012
(407) 398-0153  FloridaNotaryService.com

_____
Notary Public, State of Florida

Witness Name: JOHN R GILLESPIE

Witness Name: Pam Wilson

STRUCTURAL DESIGN PARTNERSHIP, LLC

By: _____
Eugene R. Crosby, Authorized Agent

By: _____
Eugene R. Crosby, individually

STATE OF FLORIDA    )
                    ) SS.
COUNTY OF           )

I HEREBY CERTIFY that on this 28 day of August, 2008, before me, an officer duly authorized in the state aforesaid and in the county aforesaid to take acknowledgements, personally appeared EUGENE R. CROSBY, individually and as authorized agent of STRUCTURAL DESIGN PARTNERSHIP, LLC, to be the person described in and who executed the foregoing instrument and he acknowledged before me that he executed the same. He is personally known to me or has produced Drivers License as identification and did/did not take an oath.

{SEAL}

CAROL M. MILLAY
MY COMMISSION # DD 660842
EXPIRES: July 25, 2011
Bonded Thru Notary Public Underwriters

Notary Public, State of Florida

_[signature]_
Witness Name: __Jodi R. Gillespie__

By: _[signature]_
Jose A. Gutierrez, individually

_[signature]_ Pam Wilson
Witness Name: __Pam Wilson__

STATE OF FLORIDA   )
                   ) SS.
COUNTY OF          )

I HEREBY CERTIFY that on this __28__ day of August, 2008, before me, an officer duly authorized in the state aforesaid and in the county aforesaid to take acknowledgements, personally appeared JOSE A. GUTIERREZ to be the person described in and who executed the foregoing instrument and he acknowledged before me that he executed the same. He is personally known to me or has produced __Drivers License__ as identification and did/did not take an oath.

(SEAL)

CAROL M. MILLAY
MY COMMISSION # DD 660842
EXPIRES: July 25, 2011
Bonded Thru Notary Public Underwriters

_[signature]_
Notary Public, State of Florida

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Herbert L. Gopman Consulting
Engineers, Inc., etc.,

CASE NO. 08-21032–CIV-LENARD/GARBER

       Plaintiff,

v.

Eugene R. Crosby, Jese A. Gutierrez
and Structural Design Partnership, LLC,

       Defendants.
_____/

## FINAL ORDER OF DISMISSAL

THIS CAUSE, having come before the Court on the Stipulation, Settlement Agreement and General Release of the parties (the "Agreement"), the Court having considered the terms and conditions thereof and noting that the Agreement includes continuing obligations and that the same further provides for dismissal with a reservation of jurisdiction to enforce the Agreement, it is

ORDERED AND ADJUDGED that this action is hereby dismissed pursuant to Fed. R. Civ. P. 41(a)(2) with prejudice. All parties are hereby ordered to comply with the terms of the Agreement and the Court reserves jurisdiction for enforcement of the same.

DONE AND ORDERED this ____ day of _____, 2008, in chambers, United States District Court of the Southern District of Florida, Miami, Florida.

                                                                                    Joan A. Lenard
                                                                                  United States District Judge

Copies furnished:    Kent Harrison Robbins, Esquire
                           John R. Gillespie, Esquire


EXHIBIT "A"